**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 20-2871-JFW(JCx)** | Date: July 1, 2020 |

Title: The Hamilton Condominium Association, Inc. -v- State Farm General Insurance Company

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO REMAND CASE TO STATE COURT [filed 6/2/20; Docket No. 9]**

On June 2, 2020, Plaintiff The Hamilton Condominium Association, Inc. ("Plaintiff") filed a Motion to Amend Complaint and Motion to Remand Case to State Court ("Motion"). On June 9, 2020, Defendant State Farm General Insurance Company ("State Farm") filed its Opposition. Plaintiff did not file a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 6, 2020 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.  Factual and Procedural Background**

On February 19, 2020, Plaintiff filed a Complaint against State Farm in Los Angeles County Superior Court, alleging claims for: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) negligent representation; (4) promissory estoppel; and (5) unlawful business practices in violation of California Business & Professions Code § 17200 *et seq.* ("UCL"). Plaintiff alleges that State Farm failed to perform its obligations under the Residential Community Association Policy, Policy No. 92-UR-2284-8. Specifically, Plaintiff alleges that it tendered a claim to State Farm for water damage that occurred on June 4, 2019 at Plaintiff's insured property, located at 1616 East Ocean Boulevard, Long Beach, California (the "Property"), and that despite numerous representations to the contrary, State Farm failed to reimburse Plaintiff for the costs it incurred in repairing the damage. On March 25, 2020, State Farm filed its Answer to Plaintiff's Complaint. On March 27, 2020, State Farm filed a Notice of Removal, alleging that this Court has

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

In its Motion, Plaintiff seeks leave to file a First Amended Complaint ("FAC"), adding non-diverse defendants Javier Sanchez ("Sanchez") and Immediate Response Restoration, Inc. ("IRR").  Plaintiff alleges that Sanchez, who is an agent and claims specialist for State Farm, made numerous representations to Plaintiff and its homeowner members that State Farm would reimburse Plaintiff for any costs incurred repairing the water damage sustained on June 4, 2019.  Plaintiff also alleges that Sanchez insisted that Plaintiff use the services of IRR as State Farm's preferred vendor.  In the FAC, Plaintiff adds claims against Sanchez for: (1) negligent misrepresentation; (2) promissory estoppel; and (3) unfair business practices in violation of the UCL.  In addition, in the FAC, Plaintiff adds claims against IRR for: (1) negligent misrepresentation; (2) promissory estoppel; (3) breach of the covenants of good faith and fair dealing and breach of implied warranty of workmanlike construction; (4) breach of contract pursuant to Civil Code §§ 3300 and 1709; and (5) unfair business practices in violation of the UCL.  Because Plaintiff is seeking to add non-diverse defendants to the FAC, Plaintiff also argues that this Court will lack subject matter jurisdiction over this action and, thus, this action should be remanded to Los Angeles Superior Court.

## II.     Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court's decision to deny or permit joinder is discretionary. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).

In considering whether to permit joinder, the Court considers the following factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; (5) whether the claim against the new party appears valid; and (6) whether denying joinder will prejudice the plaintiff.  *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *3 (C.D. June 13, 2016); *Sandhu v. Volvo Cars of N. America, LLC*, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Negrete v. Meadowbrook Meat Co.*, 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012);.

## III.    Discussion

After balancing all of the relevant factors, the Court concludes that joinder should be permitted and that this action should be remanded to Los Angeles County Superior Court.

### 1.     The Extent That Sanchez and IRR Are Needed for Just Adjudication of this Action

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their

interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (internal citation, quotation marks, and alterations omitted). "The standard is met when failure to join [a party] will lead to separate and redundant actions." *Id.* However, the standard is not satisfied when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.*

Plaintiff's claims against State Farm, Sanchez, and IRR arise out of the same incident – the repair of water damage at the Property and the dispute over who is responsible to pay for those repairs – and resolution of Plaintiff's claim against State Farm, Sanchez, and IRR will require many of the same documents and witnesses and will implicate many of the same factual and legal issues. Accordingly, the Court concludes that the failure to join Sanchez and IRR would lead to separate and redundant actions, and that Sanchez and IRR are necessary for the efficient and just adjudication of this action. Thus, this factor weighs in favor of permitting joinder.

### 2. Timeliness

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Sandhu*, 2017 WL 403495, at *3 (citing *Clinco*, 41 F. Supp. 2d at 1083). Plaintiff filed its Motion approximately three months after it filed its initial Complaint, and approximately two months after State Farm removed this action. Thus, the Court concludes that Plaintiff filed its Motion in a timely fashion. *See id.* (finding that the plaintiff acted in a timely fashion because he filed his first amended complaint within the time limits afforded by Rule 15 and before any dispositive motions were filed). Accordingly, this factor weighs in favor of permitting joinder.

### 3. Motive Behind Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir.1980). Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.*

The circumstances in this case suggest that Plaintiff's primary motivation in amending the Complaint is to defeat diversity jurisdiction. However, "it is not readily apparent that it is the sole motivation, particularly because there [are] seemingly valid claim[s]" against Sanchez and IRR, as explained below. *Sandhu*, 2017 WL 403495, at *3. Accordingly, this factor weighs minimally against permitting joinder.

### 4. Apparent Validity of Plaintiff's Claim

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Forward-Rossi*, 2016 WL 3396925, at *4 (internal

citation and quotation marks omitted).  "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015)).  "Under the § 1447(e) analysis, courts consider whether the claims against the new party sought to be added seem meritorious, and so long as the claims are at least potentially valid, the factor weights in favor of joinder." *Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355983, at *5 (C.D. Cal. May 23, 2018) (quotations and citations omitted).  See also *Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, at *4 (C.D. Cal. Mar. 9, 2015) (applying fraudulent joinder analysis in determining whether the claim against the new defendant appears valid).

Plaintiff seeks to add claims against Sanchez for: (1) negligent misrepresentation; (2) promissory estoppel; and (3) unfair business practices in violation of the UCL.  In addition, Plaintiff seeks to add claims against IRR for: (1) negligent misrepresentation; (2) promissory estoppel; (3) breach of the covenants of good faith and fair dealing and breach of implied warranty of workmanlike construction; (4) breach of contract pursuant to Civil Code §§ 3300 and 1709; and (5) unfair business practices in violation of the UCL.  Although State Farm argues that Plaintiff's UCL claim against Sanchez is not valid, State Farm does not dispute and, thus, concedes that the remainder of the claims State Farm seeks to add against Sanchez and IRR are valid.  See *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp. 2d 1197 (N.D. Cal. 2013) (holding that argument was conceded where the defendant failed to address it in its opposition).  Accordingly, because with the exception of Plaintiff's UCL claim against Sanchez, Plaintiff's claims against Sanchez and IRR appear to be valid, this factor weighs in favor of permitting joinder.

### 5. Statute of Limitations

"If a plaintiff could file an action against the joined defendants in state court, then there is less reason to join them in this action." *Sandhu*, 2017 WL 403495, at *3.  In this case, Plaintiff does not dispute that the applicable statute of limitations would not preclude an original action against Sanchez and IRR in state court.  Accordingly, this factor weighs against permitting joinder.

### 6. Prejudice to Plaintiffs

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Delafontaine*, 2016 WL 6581154, at *4 (internal citations and quotation marks omitted).

It is undisputed that Plaintiff's claim against Sanchez and IRR arise out of the same transaction or occurrence.  Moreover, if the Court were to deny Plaintiff's Motion, Plaintiff would have to proceed with separate litigation against Sanchez and IRR in state court.  Thus, Plaintiff would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiff.  Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

Based on the foregoing, the Court concludes that it is appropriate to exercise its discretion under Section 1447(e) to permit the joinder of Sanchez and IRR as defendants and remand this action to state court.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is **GRANTED**.  Plaintiff shall file its proposed FAC by July 2, 2020, and, upon the filing of the FAC, this action shall be **REMANDED** to Los Angeles Superior Court.

IT IS SO ORDERED.